IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COCONUT BEACH DEVELOPMENT LLC, a Delaware Limited Liability Company, | ) ) ) ) | CIVIL NO. 08-00036 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' |
| vs. | ) ) | MOTION TO DISMISS |
| BRYAN BAPTISTE, in his official capacity; DEPARTMENT OF PLANNING, COUNTY OF KAUA'I; PLANNING COMMISSION, COUNTY OF KAUA'I; THEODORE DALIGDIG; IMAI AIU; STUART HOLLINGER; STEVE WEINSTEIN; RANDALL NISHIMURA; SANDI KATO-KLUTKE; LAWRENCE CHAFFINE JR., in their official capacities; and DOES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

I.      INTRODUCTION AND BACKGROUND FACTS.

This is a case concerning alleged disparate treatment in the granting of zoning permits.

Plaintiff Coconut Beach Development, LLC ("CBD"), owns a 20.89-acre parcel of land in Waipouli, Kauai.  Complaint (Jan. 1, 2008) ¶ 11.  CBD seeks to develop its land into the Coconut Beach Resort, which would include 343 condominium units, 6 hotel rooms, a restaurant, a cultural preserve, and 565 parking spaces. Id. ¶ 14.

In August 2005, CBD filed applications for the zoning permits it needs to develop its land.  Id. ¶ 18.  The applications were referred to the Planning Department of the County of Kauai.  Id. ¶ 19.  Numerous public hearings and meetings were held concerning the applications, and CBD met and conferred with Mayor Bryan Baptiste, the Planning Department of the County of Kauai, and the Kauai County Planning Commission.  See id. ¶¶ 22-32.

On January 24, 2007, the Kauai County Planning Commission approved the issuance of zoning permits to CBD, subject to certain conditions imposed on CBD regarding traffic improvement, wastewater treatment, and potable water.  Id. ¶¶ 34, 41-43.  According to CBD, CBD had previously agreed to some, but not all, of the conditions.  Id. ¶ 34.

On January 24, 2008, CBD filed its Complaint against the County of Kauai Planning Department, the County of Kauai Planning Commission, Mayor Baptiste, and the members of the Planning Commission (Theodore Daligdig, Imai Aiu, Stuart Hollinger, Steve Weinstein, Randall Nishimura, Sandi Kato-Klutke, and Lawrence Chaffin, Jr.) (collectively, "Defendants").  CBD named Mayor Baptiste and the members of the Planning Commission in their official capacities (collectively, "Official-Capacity Defendants").

2

CBD alleges that Defendants "impose[d] conditions which are far greater than those imposed on similarly-situated applications and other land owners being benefitted by the upcoming infrastructure improvements." Id. ¶ 35. CBD supports it claims by listing three other similarly situated development projects that were allegedly more favorably treated. Id. ¶¶ 36-38. CBD seeks both monetary and injunctive relief, as well as attorneys' fees.

On March 17, 2008, Defendants filed a motion to dismiss the Complaint, or in the alternative, for summary judgment. The court grants the motion in part and denies in the motion in part. Defendants Kauai County Planning Department and Kauai County Planning Commission are dismissed because they are not the proper parties. CBD, however, is given leave to file an Amended Complaint to name the appropriate municipal defendant in this matter. The Official-Capacity Defendants are not dismissed because, although claims against them might duplicate those that may be brought against the County of Kauai, duplication is simply irrelevant to the case at this time, as the County of Kauai is not presently a party.

II.     LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Under Rule 12(b)(6), review

is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.), <u>as amended by</u> 275 F.3d 1188 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. <u>Sprewell</u>, 266 F.3d at 988; <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

III.   <u>ANALYSIS.</u>

    A.   <u>CBD Has Named the Wrong Parties.</u>

The Complaint names the Kauai County Department of Planning and Kauai County Planning Commission as defendants. Only independent legal entities can be subject to suit under § 1983, <u>see</u> <u>Hervey v. Estes</u>, 65 F.3d 784, 791-92 (9th Cir. 1995), and the Kauai County Department of Planning and Kauai County

Planning Commission are not independent legal entities.  <u>See</u> <u>City and County of Honolulu v. Toyoma</u>, 61 Haw. 156, 161, 598 P.2d 168, 172 (Haw. 1979).  Accordingly, all claims against the Kauai County Department of Planning and the Kauai County Planning Commission are dismissed.

  Both parties agree that the proper municipal defendant in this case is the County of Kauai ("County").  Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (April 10, 2008) ("Opp'n") at 7; Defendants' Reply Memorandum in Support of Their Motion to Dismiss (April 17, 2008) ("Reply") at 3.  Because the County is well aware of the claims being asserted by CBD, it will not be prejudiced if CBD is allowed to amend the Complaint to name the County as a Defendant.  The court therefore grants CBD's request for leave to amend its Complaint to add the County as a Defendant.  The parties should immediately contact the Magistrate Judge assigned to this case to conduct a Rule 16 conference in light of any amended complaint that CBD files.

  B. The Court Does Not Dismiss the Official-Capacity Defendants Because the County of Kauai Has Not Yet Been Named.

  Defendants move to dismiss all claims against the Official-Capacity Defendants, arguing that "naming the individuals in their official capacity is unnecessarily duplicative of Section 1983 claims against what should be the proper[ly] named defendant--the County of Kaua'i."  Motion at 8.

5

A suit against county officers in their official capacities is essentially a suit against the county. McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 n.2 (1997) ("[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent, and [a] victory in such an official-capacity suit imposes liability on the entity that the officer represents.") (internal citations, brackets, and quotations omitted); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985); Wolfe v. Strankman, 392 F.3d 358, 364-65 (9th Cir. 2004).

To state a claim against an individual officer in his official capacity, a plaintiff must allege that the constitutional violation occurred as a result of an official county policy.

> Local government officials may be liable in their official capacities under § 1983 when their "action pursuant to official municipal policy of some nature caused a constitutional tort." Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law."

Butler v. Elle, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1978) and Graham, 473 U.S. at 166); see also Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004).

6

Any relief sought in an official-capacity suit, either monetary or injunctive, is provided directly by the county and not the officer. "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." Butler, 281 F.3d at 1023 n.8; see also Zervas v. District of Columbia, 817 F. Supp. 148, 151 (D.D.C. 1993) (concluding that officers sued in their official capacities could be dismissed from the case because "[a]ny injunctive relief that the Court might grant against the District of Columbia will be binding as to [the individual] defendants").

Therefore, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under Monell, . . . local government units can be sued directly for damages and injunctive relief." Graham, 473 U.S. at 167 n.14. Other judges sitting in this district have concluded that claims against officers in their official capacities should be dismissed because these claims, including, in some instances, claims for injunctive relief, simply duplicate the claims against the employing governmental entity. See e.g., Alexander v. City and County of Honolulu Police Department, 2007 WL 2915623 at *4 (D. Haw. Sept. 28, 2007) (Judge Michael Seabright dismissing claims against a county official in his official capacity and noting that any injunctive relief sought from the county official

was not independent of the injunctive relief sought from the county.); Bilan v. City and County of Honolulu, 2006 WL 3201874 at *5-6 (D. Haw. Nov. 2, 2006) (Judge Alan Kay holding that it was proper to dismiss a city official sued in his official capacity because "[t]he City may be liable for damages and declaratory or injunctive relief[, and if the city official] were found liable in his official capacity, the City would be the entity bearing the responsibility for such liability."); see also Dunsberry v. County of Kauai, 2007 WL 3022243 at *2 (D. Haw. Oct. 12, 2007) (Judge Michael Seabright); Wong v. City & County of Honolulu, 333 F. Supp. 2d 942, 947 (D. Haw. 2004) (Judge Alan Kay); Carnell v. Grimm, 872 F. Supp. 746, 752 (D. Haw. 1994) (Judge David Alan Ezra); Luke v. Abbott, 954 F. Supp. 202, 203-04 (C.D. Cal. 1997).

In addition, circuit courts addressing the issue have concluded that it is proper to dismiss government officials named in their official capacities when the employing governmental entity is named. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (affirming the district court's decision to grant a directed verdict in favor of government officials named in their official capacities as the city was named); Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989) ("As a preliminary matter, we note that the district court properly dismissed James Connelly, Superintendent of Schools, as a defendant in this case.

8

Because appellants sought to sue him in his official rather than personal capacity, the Board, and not Connelly, was the real party in interest.").

CBD's claims against the Official-Capacity Defendants may end up duplicating claims that may be asserted against the County of Kauai. However, because the County of Kauai is not now a party to this suit, duplication is not presently an issue. For that reason, the court declines to dismiss the Official-Capacity Defendants. The court does, however, suggest that when CBD files its Amended Complaint, it consider naming the County but not the Official-Capacity Defendants, as any injunctive relief sought against the County will also bind all County employees in the performance of their official duties. See, e.g., Zervas, 817 F. Supp. at 151. Naming the Official-Capacity Defendants will simply invite a new motion to dismiss, and, even if the motion is denied, it will not affect any liability ruling or the size of any damage award.

In justifying its claims against the Official-Capacity Defendants, CBD relies primarily on Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), noting that CBD should be permitted to proceed against the Official-Capacity Defendants for "prospective injunctive relief for violations that are not the official policy of the County." Opp'n at 4. In other words, CBD expresses concern that it cannot obtain injunctive relief from the County

9

absent a County policy and so can only seek an injunction against the Official-Capacity Defendants. CBD's reliance on Chaloux for that proposition is misplaced.

In Chaloux, the plaintiffs sought a declaration that the state postjudgment garnishment procedures were unconstitutional and also sought an injunction against the county sheriffs' enforcement of the challenged state statutes. The district court dismissed the action against the county sheriffs in their official capacities, concluding that the county was the real party in interest. The district court also concluded that the county could not be named because the plaintiffs had failed to show that the constitutional violations were taken pursuant to an official county policy. The Ninth Circuit reversed, stating that the Monell "official policy or custom requirement" did not apply "to foreclose a suit for prospective relief against a county or its officials for enforcing allegedly unconstitutional state laws." Chaloux, 886 F.2d at 250. This court is bound by Chaloux, whose holding the Ninth Circuit has recently acknowledged in Truth v. Kent School District, 2008 WL 1836739 at *8 (9th Cir. April 25, 2008). This court rejects Defendants' call to ignore governing Ninth Circuit precedent and to rely on decisions from other circuits. That does not, however, necessarily mean that CBD should include Official-Capacity Defendants in any Amended Complaint.

In Chaloux, the district court threw out claims for injunctive relief against both the county and the county sheriffs in their official capacities because the plaintiff could not prove an "official custom or policy." Chaloux did not address the issue of whether the sheriffs could have been sued for injunctive relief in their official capacities if the county was also sued for injunctive relief. In the case before this court, the County has yet to be named. If CBD does add the County, the court invites CBD to re-examine its concern that it will be unable to state a claim against the County based on Monell's "official policy or custom" requirement. County liability is demonstrated so long as the challenged conduct was "officially adopted and promulgated by [the municipality's] officers." Monell, 423 U.S. at 690. See also Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986) ("[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). CBD may want to consider whether the alleged disparate treatment in the County's issuance of zoning permits will indeed be sufficient to state a claim for relief against the County under Monell.

    C.   Other Issues.

Counts 1 and 2 of the Complaint are nearly identical, alleging violations of the Fourteenth Amendment under 42 U.S.C. § 1983. CBD clarifies that Count 1 seeks declaratory and

injunctive relief against Defendants, whereas Count 2 seeks monetary damages against the County of Kauai. Reply at 8. The Complaint is not clear on this, and CBD should consider amending the counts to clarify the distinctions between the two. The court notes that it is not necessary to separate the counts depending on the relief sought when the alleged violation is the same in both counts.

With regard to CBD's violation of local rules, it appears that any violation was inadvertent. Although the court emphasizes the significance of complying with local rules, the court declines to dismiss CBD's Complaint based on violation of local rules. However, the court does remember violations, so that future violations by the same parties or attorneys may result in sanctions.

IV.     CONCLUSION.

As discussed above, the County of Kauai Department of Planning and the County of Kauai Planning Commission are dismissed. CBD is given leave, however, to amend its Complaint to name the County of Kauai as a Defendant.

The Official-Capacity Defendants remain as parties to this suit as presently postured.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 28, 2008



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Coconut Beach Development, LLC, v. Bryan Baptiste, et. al.**, **Civ. No. 08-00036 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**